UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FLOYD SMITH,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:18-cv-00178-MAA<br><br>**ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Mark Floyd Smith ("Plaintiff") seeks review of the final decision of the Acting Commissioner of Social Security ("Defendant," "Commissioner," or "Administration") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 12-14.) For the reasons stated below, the Court reverses the decision of the Commissioner and remands the matter for further administrative proceedings.

///

## I. SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On June 13, 2014, Plaintiff protectively filed for Title II Disability Insurance Benefits, and on June 20, 2014, for Title XVI Supplemental Security Income. (Administrative Transcript ("T") 79-80.) In both applications, Plaintiff alleged disability beginning on March 31, 2014, due to diabetes, depression, back problems, sleep apnea, high blood pressure, neck problems, asthma, high cholesterol, possible Asperger's, and an ulcer of the right foot. (T 59-60, 69-70.) The Administration denied the application initially on October 21, 2014, and upon reconsideration on April 15, 2015. (T 79-80, 103-04.) Plaintiff sought review. (T 121.) Administrative Law Judge Norman L. Bennett ("ALJ") held a hearing on January 27, 2017. (T 37-58.)

The ALJ issued an unfavorable ruling on June 8, 2017. (T 18-32.) To reach this conclusion, the ALJ applied the five-step sequential evaluation process for determining whether an individual is disabled. (T 22-23.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 31, 2014. (T 23.) At step two, the ALJ found that Plaintiff had the following severe impairments: "diabetes mellitus; degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; hypertension; sleep apnea; anxiety disorder; depressive disorder; and bilateral osteoarthritis of the knees." (T 24.) At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of a listed impairment. (*Id.*) The ALJ determined Plaintiff had "the residual functional capacity to perform a reduced range of sedentary work" as follows:

> [H]e can lift and/or carry 10 pounds occasionally and five
> pounds frequently; he can sit six hours in an eight-hour
> workday with customary breaks; he can stand and/or
> walk two hours in an eight-hour workday with customary
> breaks; he must have an option to sit and stand 30

> minutes at a time with the ability to shift positions during
> the 30 minutes period; he must never climb ladders,
> ropes, or scaffolds; he can occasionally climb ramps and
> stairs, balance, stoop, kneel, crouch, and crawl; and he
> can perform simple and repetitive tasks.

(T 26.) At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a light truck driver and a home health aide. (T 30.) At step five, the ALJ determined that Plaintiff could perform other work in the national economy, specifically the occupations of lens inserter, bench hand assembler, and table worker, all of which are sedentary, unskilled occupations. (T 31.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. (T 32.)

Plaintiff requested review with the Appeals Council, which denied the request on November 30, 2017. (T 1-3.) The Appeals Council cast the ALJ's decision of June 8, 2017 as the final decision of the Commissioner. (*Id.*)

## II. **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the Court reviews the Commissioner's final decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court "must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th

Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014)). Where evidence is susceptible of more than one rational interpretation, the Commissioner's interpretation must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

III. **DISCUSSION**

Plaintiff raises two disputed issues:

> **Issue 1**: **Whether the ALJ adequately weighed the opinion evidence and developed the record, thereby supporting his decision with substantial evidence.**
>
> **Issue 2**: **Whether the ALJ adequately considered Plaintiff's subjective claims.**

For the reasons stated below, reversal and remand for further administrative proceedings are warranted for Issue One. It is therefore unnecessary to address Issue Two. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 793 n.1 (9th Cir. 1997) (declining to decide alternate issues where reversal otherwise is warranted); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) (same).

A. **Legal Standard**

In Social Security cases, the amount of deference accorded to medical opinions depends on the type of physician providing them. In *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), its seminal decision on this issue, the Ninth Circuit articulated the hierarchy of medical opinions and the weight to which such opinions are entitled:

> Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat

4

the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant.

Moreover, the uncontradicted opinion of a treating physician generally is entitled to controlling weight. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Trevizo*, 871 F.3d at 675. Before an ALJ may reject the uncontradicted opinion of a treating physician, or that physician's ultimate conclusions, the ALJ must articulate "clear and convincing reasons" supported by substantial evidence. *Trevizo*, 871 F.3d at 675. Even when contradicted by another doctor's opinion, the ALJ must accord deference to a treating physician's opinion and may disregard it only "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012. In either case, "the ALJ must do more than state conclusions" and, instead, must explain why the ALJ's interpretation of the record, rather than the doctors', is correct. *Id.* (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

**B.      Background**

Plaintiff contends that, in assessing Plaintiff's RFC, the ALJ failed to afford appropriate weight to the opinion of Dr. Nelson J. Flores, Plaintiff's workers'

///
///
///
///
///
///
///

compensation treating source,[1] and the opinions of the State agency consultants.[2] (ECF No. 20, at 16:22-25.)

Here, Dr. Flores concluded that Plaintiff was permanent and stationary, psychiatrically temporarily totally disabled, and unable to return to his prior work of truck driver. (T 748-49, 751; *see generally* T 722-756.) The ALJ provides six reasons for rejecting this opinion: (1) the opinion as to Plaintiff's disability status is not entitled to controlling weight because the ultimate issue of disability is reserved to the Commissioner; (2) the opinion does not contain any meaningful assessment of Plaintiff's functional limitations; (3) the meaning of "disability" under the workers' compensation schema, that the individual is unable to return to his previous job, is markedly different from its meaning under social security law, that the individual is unable to perform any substantial gainful activity; (4) the opinion is inconsistent with the objective medical evidence of "benign objective findings";

---

[1] The ALJ refers to Dr. Flores as a "workers' compensation treating source[]." (T 29.) However, the record appears to show that Dr. Flores was an examining physician, not a treating physician: Dr. Flores examined Plaintiff only once for a comprehensive medical-legal evaluation in the context of Plaintiff's workers' compensation claim. (*See* T 722-23.) The parties' joint submission does not clarify Dr. Flores's physician-patient relationship with Plaintiff. Because this Court is "constrained to review the reasons the ALJ asserts," *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), the Court assumes, as the ALJ does, that Dr. Flores was a treating physician.

[2] Although Plaintiff asserts that the ALJ erred in rejecting the opinions of the State agency medical consultants who opined for the initial determination and for the reconsideration (ECF No. 20, at 16:22-25), he fails to develop this argument in his brief. As such, the Court does not consider this argument. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) ("We do not address this finding because Carmickle failed to argue this issue with any specificity in his briefing." (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (noting that an appeal court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief")).

(5) the opinion is inconsistent with "routine and conservative treatment"; and

(6) the opinion is inconsistent with the Plaintiff's admitted activities of daily living. (T 29.)

### C. Analysis

The ALJ does not specifically identify a contradiction between the opinions of Dr. Flores and another doctor, but the ALJ acknowledges that several of the medical opinions in the record found that Plaintiff had no functional limitations. (*See* T 29.) Consequently, the ALJ was required to articulate specific and legitimate reasons supported by substantial evidence for assigning little weight to Dr. Flores's opinion. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).[3] As detailed below, the ALJ erred by failing to do so.

> **ALJ Reason No. 1: The disability determination is reserved to the Commissioner.**

The Commissioner is correct that a treating physician's opinion on the ultimate issue of disability is not binding on the Commissioner. (ECF No. 20, at 22:1-3.) However, the fact that a treating physician renders an opinion on the ultimate issue of disability does not relieve the ALJ of the obligation to state specific and legitimate reasons for rejecting that opinion. *See, e.g., Reddick*, 157 F.3d at 725; *Lester*, 81 F.3d at 830; *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993); *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Even disregarding an ultimate finding of "disability," "[t]he Commissioner is required to give weight not only to the treating physician's clinical findings and interpretation of test results, but also to his subjective judgments." *Lester*, 81 F.3d at 832-33 (citing

---

[3] The Court's analysis holds even if the ALJ were required to articulate clear and convincing reasons supported by substantial evidence.

7

*Embrey*, 849 F.2d at 422). Accordingly, this is not a cognizable reason for rejecting Dr. Flores's opinion.

> **ALJ Reason No. 2: No meaningful assessment of Plaintiff's functional limitations.**

The ALJ's rejection of Dr. Flores's opinion on the ground that it did not contain any meaningful assessment of Plaintiff's functional limitations is weightily belied by the record. Dr. Flores discusses Plaintiff's functional limitations at length, including his reliance on his wife "for assistance with basic tasks and activities of daily living"; his increasing anxiety, stress, and frustration with his physical limitations; his difficulty in sleeping and falling asleep; his inability to "complete simple tasks, such as bathing, washing his hair, making his bed, dressing himself, taking out the trash, and cleaning his home"; his increasing difficulty in simple movements such as standing, sitting, kneeling, walking, ascending stairs, and getting in and out of bed; his social isolation and decreased interest in activities he once enjoyed; his decreased sexual desire; his difficulty concentrating; his inability to stand and ambulate for even short periods of time; his inability to take care of his children; his need for assistance to bathe and perform simple activities; his social withdrawal from his family members; his need for a wheelchair; and his psychomotor retardation. (*See* T 730-38.) Moreover, Dr. Flores makes clear that he reviewed the medical records related to Plaintiff's "brain, head, back, neck, hips, musc[ular] skeletal, nervous, bilateral shoulders, upper extremities, lower extremities, and psych[ological]/nervous system," and "incorporate[d] all medical findings and conclusions in the above medical records as [his] own." (T 742-43.)

Dr. Flores further "administered a post-treatment psychological test battery to assess [Plaintiff's] current emotional, intellectual, and personality functioning, and his general cognitive and psychosocial functioning." (T 742.) From this testing, Dr. Flores evaluated Plaintiff's mental health, made a diagnosis, and opined on

Plaintiff's functional limitations. (*See* T 743-50.) Accordingly, this basis for rejection of Dr. Flores's opinion is not supported by substantial evidence.

> ### ALJ Reason No. 3: "Disability" has a different meaning under workers' compensation law.

The Commissioner is correct that the standard of "disability" for workers' compensation purposes is not the same as the standard of "disability" for social security purposes. (ECF No. 20, at 23:7-11.) But this is not a valid basis for rejecting Dr. Flores's medical opinion. To begin with, "the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) (quoting *Lester*, 81 F.3d at 832); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c) ("*Regardless of its source*, we will evaluate every medical opinion we receive." (emphasis added)). It long has been established that, notwithstanding differences between the workers' compensation and social security paradigms, "the ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding, or because it is couched in the terminology used in such proceedings." *Booth*, 181 F. Supp. 2d at 1105 (citing *Coria v. Heckler*, 750 F.2d 245, 247-48 (3d Cir. 1984)). In considering medical reports submitted in the context of workers' compensation claims, "the ALJ should evaluate the objective medical findings . . . by the same standards that s/he uses to evaluate medical findings in reports made in the first instance for the Social Security claim." *Coria*, 750 F.2d at 248. In assessing the implications of those opinions for the Social Security disability determination, "[t]he ALJ must 'translate' terms of art contained in such medical opinions in the corresponding Social Security terminology." *Booth*, 181 F. Supp. 2d at 1106 (citing *Desrosiers v. Sec. of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). Accordingly,

the Court finds that this reason, without more, does not constitute a specific and legitimate basis for rejecting Dr. Flores's opinion.

> ➢ **ALJ Reason No. 4: Inconsistency with objective medical evidence of "benign findings."**

Another of the ALJ's stated rationale for rejecting Dr. Flores's opinion is that it was inconsistent with the medical records that "revealed only benign objective findings." (T 29.) As a preliminary note, the ALJ offers only his conclusion and fails to articulate "his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725. The ALJ does not explain which aspects of Dr. Flores's findings he considers benign and how those findings undermine Dr. Flores's opinion. This is error. *See Garrison*, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than . . . criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

Further, the ALJ's conclusion is not supported by Dr. Flores's findings, which were decidedly worse than "benign." Dr. Flores observed Plaintiff's "evidence of psychomotor retardation"; "slow, soft, and emotional" speech pattern; "sad, anxious, pessimistic, and withdrawn" mood; "apprehension and body tension"; "significant memory impairment"; and mildly impaired concentration. (T 740-42.) Plaintiff "was close to tears while describing his loss of capacity to function" and "was focused with preoccupation about his somatic pain, physical limitations, sexual difficulties, financial circumstances, and marital problems"; (T 741-42.) Psychological testing revealed moderate clinical symptoms of anxiety and depression; "signs of anxiety, depression, poor self-image, and a tendency to be socially withdrawn"; and "intellectual functioning . . . impacted by his current set of symptoms." (T 785-88.) Dr. Flores concluded that Plaintiff had "developed symptoms diagnostic of Posttraumatic Stress Disorder, and he developed significant

emotional symptomatology, chronic pain, and significant memory impairment, which led to his current mental disorders and psychiatric disability." (T 747.)

Though Dr. Flores did note some observations that the ALJ may characterize properly as benign (*see, e.g.*, T 741 (observing that Plaintiff's "thought processes were appropriate, logical and coherent"); *cf.* T 28 (recounting some of Dr. Flores's findings in the ALJ decision)), the ALJ was obliged to read Dr. Flores's observations "in the context of the overall diagnostic picture." *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). In context, the ALJ's conclusion that Dr. Flores's opinion is inconsistent with the objective medical evidence is not supported by substantial evidence.

> ➤ **ALJ Reason No. 5: Inconsistency with "routine and conservative treatment."**

Another reason the ALJ proffers for rejecting Dr. Flores's opinion is that it is "inconsistent with . . . routine and conservative treatment." (T 29.) An ALJ may reject the opinion of a treating physician who prescribes conservative treatment yet opines that a claimant suffers disabling conditions. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

As with the ALJ's "benign findings" conclusion, this boilerplate statement lacks a substantive basis for its conclusion, which is error. *See Garrison*, 759 F.3d at 1012-13; *Reddick*, 157 F.3d at 725. Though the ALJ appears to refer to a lack of medication for psychological symptoms elsewhere in the decision (*see* AR 28-29), the Court hesitates to infer that this observation is the "routine and conservative treatment" that the ALJ thought undermined Dr. Flores's opinion. The ALJ does not logically connect any treatment Plaintiff was or was not recommended with Dr. Flores's psychological evaluation.[4] Without that connection, the Court does not

---

[4] This logical disconnect finds purchase in the ALJ's apparent mischaracterization of Dr. Flores as a treating physician, as discussed in note 1. The Court doubts that Dr.

11

have sufficient information to meaningfully review the ALJ's reasoning. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

Even if the Court were to accept that the purported lack of evidence of medication for psychological symptoms undermines Dr. Flores's opinion, the ALJ's observation is not supported by the medical record. Plaintiff was prescribed lorazepam for anxiety. (*E.g.*, T 499 (showing active lorazepam medication).) Thus, the ALJ's statement that "there is no evidence the claimant took medications for the psychological symptoms" (T 29) is simply incorrect. As this Court is confined to review the rationale by the ALJ, *see Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003), the Court can conclude only that the ALJ's expressed rationale is not supported by substantial evidence.

Accordingly, the Court finds that this is not a legally sufficient reason on which the ALJ may properly rely to reject the opinion of Dr. Flores.

> **ALJ Reason No. 6: Inconsistency with activities of daily living.**

The ALJ's final reason for discrediting the opinion of Dr. Flores is its supposed inconsistency with Plaintiff's reported activities of daily living. (T 29.) Again, this reason is insufficiently detailed. *See Garrison*, 759 F.3d at 1012-13; *Reddick*, 157 F.3d at 725. The Court assumes that the ALJ refers to Plaintiff's testimony that he is able to shop in stores, play videogames, cook and prepare meals, attend church regularly, travel on foot, drive a car and truck, care for his young children and a dog, manage his finances, and independently (though with

---

Flores, a psychologist employed to provide a medical-legal psychological evaluation for Plaintiff's workers' compensation claim, was positioned to prescribe Plaintiff medication. What a clinical psychologist such as Dr. Flores could have prescribed beyond referring Plaintiff to therapy and to further treatment by a neurologist is unclear. (*See* T 752-54.) Nevertheless, the Court need not parse the issue further because, even if Dr. Flores were assumed to have authority to prescribe medication, the ALJ's stated reasoning is unsupported by the medical records.

reminders) maintain his grooming and hygiene. (*See* T 28 (describing these activities in the context of discrediting Plaintiff's subjective symptom testimony).)

The ALJ mischaracterizes the evidence when taken as a whole. The ALJ disregards Plaintiff's Function Report, through which Plaintiff adds flavor to his subjective symptom testimony: he does not do grocery shopping alone; he only plays videogames one hour per day; the cooking and meal preparation is limited to noodles, tuna sandwiches, and cereal, and even those tasks require his wife's instructions; he is accompanied by his wife when going to church; the chores he completes are limited to easy and light work and even those chores take him longer than in the past; and, while he handles money, he needs help from his wife who "handles most of that." (T 218-226.) The ALJ also ignores the details provided by Plaintiff in his testimony: when watching television, he loses interest after a while; although he cares for his children, he feels disconnected from them "like they are not even [his]"; he is unable to interact with strangers altogether and with coworkers if the interaction requires "a constant verbal thing"; and although he physically could drive a truck, it would take him a while to begin to trust himself to do so. (T 48-51.) The ALJ also ignores the observations of Dr. Flores that, among other things, Plaintiff fell asleep several times during Dr. Flores's interview. (T 735.)

The Ninth Circuit has been clear that "impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. Indeed, a claimant need not be "utterly incapacitated" to qualify for benefits. *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996)). To the contrary, claimants "should not be penalized for attempting to lead normal lives in the face of their limitations," and "[o]nly if [the claimant's] level of activity were inconsistent with [the claimant's] claimed limitations would these activities have any bearing on [the claimant's] credibility." *Id.* (quoting

13

*Reddick*, 157 F.3d at 722 (first alteration in original)). The failure of an ALJ to recognize the critical differences between activities of daily living and activities in a full-time job -- to wit, the flexibility in scheduling at home, the ability of get help from others at home, and the absence of minimum standards of performance -- is a "deplorable[] feature of opinions by administrative law judges in social security disability cases." *Id.* (quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)).

The evidence of Plaintiff's daily activities the ALJ identifies in support of his conclusion does not support the conclusion the ALJ draws regarding the functional mental capacity the activities engage and does not rebuff the limitations opined in the Flores opinion. Here, no substantial evidence supports a tension between Plaintiff's daily activities and the mental limitations stated in Dr. Flores's opinion. His loss of interest when he cares for his children, his inability to deal with strangers, his inability to engage in extended verbal contact with coworkers, and his inability to handle the family's financial affairs without the assistance of his wife, are consistent with the mental limitations Dr. Flores opines. Importantly, Plaintiff's inability to interact with strangers or coworkers (if the interaction requires constant verbal activity) is wholly consistent with an inability to function in a workplace environment.

Accordingly, the purported inconsistency between Plaintiff's daily activities and Dr. Flores's opinion is not a valid reason for rejecting Dr. Flores's opinion.

Having dismissed all the reasons discussed above, the Court determines that the ALJ failed to articulate a specific and legitimate reason for assigning little weight to Dr. Flores's opinion. Consequently, the rejection of the opinion was error.

///
///
///

## D. Remedy

The Court cannot confidently conclude the errors identified above were harmless. "[W]here harmlessness is clear and not a 'borderline question,' remand for reconsideration is not appropriate," *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011), but Ninth Circuit precedents "have been cautious about when harmless error should be found." *Marsh*, 792 F.3d at 1173; *see also, e.g., Molina*, 674 F.3d at 1115-17 (reviewing the Ninth Circuit's harmless error principles in the Social Security context).

Here, the ALJ's reasons for rejecting the opinion of Dr. Flores are not sufficient for the Court to conclude that the opinion rightfully should have been rejected. Thus, the Court is unable to conclude that the ALJ's failure to articulate legally sufficient reasons for assigning little weight to Dr. Flores's opinion was clearly harmless. That is, if Dr. Flores's opinion were weighed properly, the ALJ reasonably could have decided on a different RFC determination and found that Plaintiff was disabled. Consequently, reversal is warranted. *See, e.g., Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (collecting cases in which harmlessness "was inconsequential to the ultimate nondisability determination" despite any ALJ error); *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved").

If a reviewing court determines the agency erred in reaching a decision to deny benefits and that the error was not harmless, "sentence four of § 405(g) authorizes the court to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" *Treichler*, 775 F.3d at 1099 (alteration in original) (quoting 42 U.S.C. § 405(g)). Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (citations omitted). When "the record before the agency does not

support the agency action, . . . the agency has not considered all relevant factors, or . . . the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Treichler*, 775 F.3d at 1099 (applying *Lorion* to decisions of the Administration).

Alternatively, the Court may reverse the Commissioner's decision with instructions to calculate and award benefits when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020; *see also Dominguez*, 808 F.3d at 407-08. Even if the three prongs of this "credit-as-true rule" are met, however, directing the Commissioner to award benefits is inappropriate if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Although the Court has found that the ALJ committed reversible error, the Court is "not satisfied that further administrative proceedings would serve no useful purpose." *Brown-Hunter*, 806 F.3d at 495 (citation and quotation marks omitted). Plaintiff's symptom testimony and Dr. Flores's opinion raise factual conflicts about Plaintiff's level of functioning that "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Id.* at 496; *see also Treichler*, 775 F.3d at 1101 (stating that remand for an award of benefits is inappropriate "[w]here there is conflicting evidence, and not all essential factual issues have been resolved"); *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same, where the

///

16

existing record does not clearly demonstrate that the claimant is disabled within the meaning of the Social Security Act).

Based on its review and consideration of the entire record, the Court concludes that a remand on an open record for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted. The Court does not intend to limit the scope of the remand.

## IV. CONCLUSION

The Court ORDERS that judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings.

**IT IS SO ORDERED.**

DATED: October 12, 2018

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE